38D01-2501-CT-000001

Filed: 1/21/2025 4:14 PM
Clerk
Jay County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE JAY SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF JAY ) | | CAUSE NO._____ |

KRISTIN COLEMAN, )
)
    Plaintiff, )
)
v. )
)
JAY COUNTY SHERIFF, in his )
representative capacity, JAY COUNTY )
COMMISSIONERS, in their representative )
capacities, and JAY COUNTY AUDITOR )
in her representative capacity, )
)
    Defendants. )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. Plaintiff is Kristin Coleman, a qualified employee who performed within the reasonable expectations of her employers at all times material to this Complaint. Plaintiff contends that she was discriminated against on the basis of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff also contends that Defendant retaliated against her for utilizing time off work pursuant to the FMLA, and denied her wages earned in violation of the Indiana Wage Claims Act.

2. Defendants are Jay County Sheriff, located at 224 W Water Street, Portland, IN 47371, the Jay County Commissioners, located at 120 N Court Street, Portland, IN 47371, and the Jay County Auditor, also located at 120 N Court Street,

–1–

EXHIBIT A

Portland, IN 47371.  Defendants are "employers" for the purposes of the ADA, FMLA, and the Indiana Wage Claims Act.

3. Plaintiff sent a Tort Claim Notice to Defendants on March 6, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. 1."

4. With regard to the ADA claim, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 12, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. 2." The EEOC then transferred the Charge to the Indiana Civil Rights Commission, who is still in the process of investigating the claims. Plaintiff will amend this pleading to include the Notice of Right to Sue upon receipt. All jurisdiction prerequisites have been met and all administrative remedies are being exhausted for the filing of this Complaint.

5. Pursuant to I.C. § 22-2-9-4, Plaintiff's counsel requested and was approved by the Office of the Attorney General to pursue the wage claim contained herein. A copy of the Application for Wage Claim and authorization letter are attached hereto and incorporated herein as "Ex. 3."

6. Plaintiff was employed by Jay County since 2009, most recently as Matron (2018-2023), until her wrongful termination on or about January 21, 2023.  During her tenure as Matron, Ms. Coleman accrued "comp time" for time worked over 40 hours, as did other salaried employees.

7. In November 2022, Plaintiff was informed that all employees would be paid down to forty hours of comp time -- Plaintiff's accrued time exceeded two hundred

–2–

    hours—and on December 5, 2022, Penny Thomas informed Plaintiff that Plaintiff would see one hundred hours of comp time paid on her December 16, 2022, check, and the remaining hours paid out on December 30, 2022, to bring her down to forty.

8. Also in November 2022, Plaintiff was notified that the new Sheriff-elect would be appointing a new Matron but was told she could stay at the jail as an officer or go back to dispatch, where she had previously worked. She was told by sheriff-elect Newton to notify Chief Deputy Benjamin Schwartz when she decided which position she would like to take.

9. On December 7, 2022, Plaintiff was contacted by Nancy Culy, who inquired with Plaintiff whether she would be submitting FMLA paperwork soon, as she had not turned in FMLA paperwork "for a long time." Plaintiff, who was diagnosed with cancer in 2020, had not needed to utilize time off pursuant to the FMLA, informed Culy that Plaintiff's doctor was in the process of completing the paperwork.

10. On December 16, 2022, Plaintiff was informed that she was not eligible to be paid for her earned comp time or overtime, citing policy, even though she had been accruing comp time, had previously been able to cash in comp time, and had also been paid overtime as recently as November 2022. Further, Jail Commander Darrin Sanderson, who was also "excluded" per policy, had been paid overtime in December, despite being subject to the same policies as Plaintiff.

–3–

11. On December 21, 2022, Plaintiff submitted her FMLA paperwork to Penny Thomas.

12. On December 22, 2022, Plaintiff attended a personnel meeting with then Sheriff Ford, Jeanie Houchins, Chad Aker, Ted Champ, Emily Franks, and Bill Henkel. Plaintiff indicated to those in attendance that she believed she was being singled out due to her medical condition, as she was aware of others who were subject to, but not being held to, the policy as she was. Jay County attorney, Bill Henkel, suggested that the committee recommend that Plaintiff be paid for the hours she had accrued, as they were hours she had in fact worked, and should be paid for.

13. Also on December 22, 2022, Plaintiff's oncologist advised that Plaintiff needed time off work, pursuant to the FMLA, due to her ongoing medical issues. The doctor's note was delivered to Penny Thomas by Plaintiff.

14. On December 27, 2022, Jay County Commissioners held a meeting and decided not to pay Plaintiff for the comp hours she had earned, against their own attorney's public advice. The new sheriff-elect supported the denial.

15. On December 30, 2022, Plaintiff notified Chief Deputy Benjamin Schwartz that she had decided to return to dispatch when she was released by her doctor to return to work. Schwartz indicated that he would notify the new sheriff of her decision.

16. Then, on January 21, 2023, while on FMLA leave, Plaintiff received a certified letter indicating that her employment—unbeknownst to her—had been terminated on January 1, 2023, and she was "no longer a Jay County employee." The letter

–4–

was signed by Sheriff Newton. Until January 21, 2023, Plaintiff believed she was employed by Defendants and protected in her employment pursuant to the FMLA and the ADA. The letter is attached hereto as "Ex. 4."

17. Plaintiff contends that she is owed wages pursuant to the Indiana Wage Claims Act, and that her termination was knowingly in violation of her rights pursuant to the FMLA and the ADA.

18. The Sheriff , the Commissioners, and the Auditor intentionally, knowingly, willfully, and wantonly discriminated against her on the basis of her disability/perceived disability/record of impairment, denied Plaintiff wages she had earned, and retaliated against her for utilizing time off work pursuant to the FMLA, causing Plaintiff to suffer the loss of her job and job-related benefits, including income and health insurance, and subjected her to emotional distress and other damages and injuries.

19. Plaintiff seeks compensatory damages, punitive damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and for all other just and proper relief.

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
Facsimile:    (260) 498-2655
E-mail:        Jennifer@closehitchcock.com
*Attorney for Plaintiff*